## UNITED STATES

### v.

**Airman First Class Anthony MERCER, FR 237–15–9207, United States Air Force.**

**ACM S26267.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 19 Oct. 1983.

Decided 15 June 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Major Richard A. Morgan and Major Francis T. Lacey, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major Robert E. Ferencik, Jr., and Major Victor A. Sulin, USAFR.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

CANELLOS, Judge.

The accused was convicted, contrary to his pleas, of use of marihuana on divers occasions, wrongful distribution of marihuana, and wrongful introduction of marihuana onto a military installation on two occasions. The approved sentence extends to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $250.00 per month for three months and reduction to airman basic.

On appeal, the accused asserts that he should not have been convicted of wrongful introduction of marihuana onto a military installation on 27 April 1983 because the drugs involved were transported onto the installation by an agent of the Air Force Office of Special Investigations (AFOSI). We agree.

In order to adequately discuss this issue, a review of the pertinent facts is necessary. As part of an ongoing investigation of the drug activity on Holloman Air Force Base, New Mexico, an OSI agent, working undercover, had approached the accused seeking to purchase drugs. On 17 April 1983, the accused drove the agent to the home of a source and, in the agent's presence, purchased some marihuana. On the return trip to the base, the accused gave *his* mari-

huana to the agent and requested that the agent bring the drug onto the base. On 27 April 1983, the accused again drove with the agent to the source of drugs and this time the agent purchased marihuana with marked OSI funds. After this, the accused drove the agent onto the base with the drugs.

The accused claims that since the OSI agent physically carried the drugs onto the installation, he is not responsible, while the Government argues that the accused is an aider and abetter and therefore responsible as a principal.

As to the 17 April incident, it is clear that the accused is guilty of wrongfully introducing marihuana onto the installation. One who actively participates in the commission of a crime, or who causes the crime to be committed, is a principal. Article 77, U.C.M.J., 10 U.S.C. § 877; M.C.M., 1969 (Rev. ed.), para. 156; *United States v. Meinster*, 619 F.2d 1041 (4th Cir.1980); *United States v. Gray*, 626 F.2d 494 (5th Cir.1980); *United States v. Haynes*, 319 F.2d 620 (5th Cir.1963).

However, as to the 27 April incident, we find, on the facts, that the accused cannot be punished for importation onto the base. It is quite clear that a person cannot be convicted as an aider or abetter unless a crime has been committed by someone. *United States v. Hyatt*, 565 F.2d 229 (2nd Cir.1977); *United States v. Seberg*, 5 M.J. 895 (A.F.C.M.R.1978); 21 Am.Jur.2d, *Criminal Law*, Sec. 176 (1981). Unless the accused precipitated such "offense" he can not be held accountable as an aider and abetter for an "offense" committed by a law enforcement officer acting within the course of official duties. *Yenkichi Ito v. United States*, 64 F.2d 73 (9th Cir.1933), *cert. denied*, 289 U.S. 762, 53 S.Ct. 796, 77 L.Ed. 1505 (1933); *Manning v. Biddle*, 14 F.2d 518 (8th Cir.1926); *United States v. Zerbst*, 111 F.Supp. 807 (E.D.S.C.1953). Here, the accused assisted an OSI agent in purchasing marihuana; he drove the agent to the base; and the agent turned the drugs over to the OSI evidence custodian. The drugs were the sole property of the agent and the accused had no proprietary interest in them.

We have examined the allegations of error assigned by the trial defense counsel and find them to be without merit.

Accordingly, the finding that the accused did, on or about 27 April 1983, wrongfully introduce marihuana onto Holloman Air Force Base, as alleged in specification 5 of the Charge, is set aside and is ordered dismissed. The remaining findings of guilty are correct in law and fact and are approved. We have reassessed the sentence in light of the above action and find it nonetheless appropriate.

The findings of guilty, as modified herein, and the sentence, are

AFFIRMED.

KASTL, Senior Judge, and RAICHLE, Judge, concur.