**UNITED STATES**

v.

**Airman First Class Kenneth E. AKER, Jr., FR 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, United States Air Force.**

**ACM 24442.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 April 1984.

Decided 4 Dec. 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and MUR-DOCK, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

Initially, the appellant challenges the lawfulness of the search that uncovered marijuana in his on-base quarters on 21 July 1983 (Specification 3 of Charge II). The controversy centers around the factual basis for determining that probable cause existed for the search authorization, and the issue that is the focus of this appeal is whether the authorizing officer knew that the unnamed "Source" of this information was a military member. Appellate defense counsel tacitly concede that if the authorizing officer knew that the informant was a military member then probable cause for search exists. *United States v. Tipton*, 16

**734**

M.J. 283 (C.M.A.1983); *see also United States v. Dillon*, 17 M.J. 501, 505 n. 4 (A.F.C.M.R.1983). They argue, however, that the information conveyed to the authorizing officer by the law enforcement official did not reflect this fact, and therefore it was an "abuse of discretion" for the trial judge to find that the "Source" was a military member.

■ There was no dispute between the trial participants as to whether the authorizing officer knew that the unnamed source was a military member—it was agreed that this individual's identity as such was known to the officer who authorized the search. Trial defense counsel sought to exclude the uncovered marijuana by a Motion to Suppress in which both parties agreed to the facts the judge was to rely on in his ruling on the existence of probable cause. Specifically, the record establishes:

> ATC: Your honor, we agree to the statement as to facts alleged by the defense counsel.
>
> MJ: On ruling on this Motion to Suppress, both sides wish me to rely on the facts contained in Appellate Exhibit III under facts, and the search authorization and information that [the police officer] said that he provided to the [authorizing officer], is that correct?
>
> DC: Yes, sir.
>
> ATC: Yes, your honor.
>
> MJ: Do you agree with that, Airman Aker?
>
> DC: If I may have a moment to make sure he understands, your honor. (Defense counsel and accused conferring).
>
> ACC: Yes, sir.

The trial judge then discussed with the appellant the meaning and effect of what was essentially a stipulation of fact as to the information available to the authorizing officer prior to him allowing the search. The statement of facts portion of the Motion to Suppress averred that the authorizing officer knew that the informant was a military member. Such an agreement or stipulation is a recognized procedure in trials by courts-martial, and has no prescribed form—it is the intent of the parties that govern. *United States v. Niolu*, 4 U.S.C. M.A. 18, 15 C.M.R. 18 (1954); *United States v. Boyer*, 31 C.M.R. 713 (A.F.B.R. 1962). It is, therefore, clear to us that the participants wanted the trial judge to consider that the authorizing officer knew that the informant was a military member; it was a factor the judge was to weigh in determining whether probable cause existed for the search. The appellant, having agreed to provide the judge with such information at trial, may not now assert that it was an abuse of discretion for him to consider it. We find sufficient evidence in the record to sustain the trial judge's ruling admitting the evidence. *Accord United States v. Watson*, 14 M.J. 593 (A.F.C.M.R.1982).

■ The appellant also argues that the military judge erred by refusing to give a defense requested instruction on the law of attempt. This asserted error need not long detain us. The test for determining whether the refusal to give a defense requested instruction is error is whether: (1) the requested instruction is in itself a correct charge; (2) it is not substantially covered in a given instruction; and (3) it is on such a vital point in the case that the failure to give it deprived the accused of a defense or seriously impaired an effective presentation. *United States v. Winborn*, 14 U.S.C. M.A. 277, 34 C.M.R. 57 (1957); *United States v. Rusterholz*, 39 C.M.R. 903 (A.F.B. R.1968). The trial judge's instructions to the members adequately covered the essential points of the defense requested instructions. This being so, we find no error by his refusal to give the proffered instructions. *See generally United States v. Foster*, 14 M.J. 246 (C.M.A.1982). The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MURDOCK, Judge, concur.