UNITED STATES, Appellee,

v.

Specialist Isaac L. ELLIOTT,
245–06–8167, United States
Army, Appellant.

ACMR 8802856.

U.S. Army Court of Military Review.

31 May 1990.

For Appellant: Captain Keith W. Sickendick, JAGC, Captain Jon W. Stentz, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before DeFORD, KANE and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Acting Chief Judge:

Pursuant to his pleas, the appellant was convicted of two specifications of distribution of cocaine in violation of Article 112a of the Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp.IV) [hereinafter UCMJ]. His approved sentence includes a bad-conduct discharge, confinement for thirty-six months, forfeiture of all pay and allowances and reduction to the grade of Private E1.

On appeal, the appellant challenges his conviction of Specification 1 of the Charge (distribution of cocaine) asserting an improvident plea of guilty, legal insufficiency, and ineffective assistance of counsel. We find that the appellant's acts did not constitute a crime and his conviction of that offense must be set aside for the reasons set forth below.

## I.

The specification in issue alleges the wrongful distribution of .2 grams of cocaine at Columbus, Georgia on 27 June 1988. The providence inquiry and a stipulation of fact established that one Private Hitch, a government informant, offered to pay the appellant to drive him to a local, open-air drug market located off-post so that Private Hitch could buy some ·drugs "for a friend." The appellant agreed. Upon their arrival, an unidentified individual entered the vehicle and transacted a sale of cocaine.

At this juncture, the facts of record are somewhat inconsistent and obscure. There is evidence of record indicating that the transaction was between Private Hitch and the unidentified individual and that the appellant was not involved. The record also indicates that the appellant obtained the cocaine from the individual and later handed it to Private Hitch. The stipulation of fact and some portions of the appellant's testimony during the providence inquiry support the former version of events.[1] Other portions of the appellant's testimony indicate that he somehow came into possession of the cocaine and later gave it to Private Hitch.[2]

In response to the military judge's questions concerning the Government's theory of prosecution, the trial counsel replied that "it's a distribution, your honor, from Hitch to a friend." The judge then asked whether the government was proceeding on a "principal" theory and received an affirmative response.

The military judge again queried the trial counsel concerning which distribution the prosecution was pursuing and was again advised that the distribution was from Hitch to a friend. The judge then asked whether it was from Hitch to a friend at Fort Benning, Georgia, and received an affirmative response from the trial counsel. The judge noted that offense was pled to have occurred at Columbus, Georgia, and inquired if the prosecution desired to amend the specification and again received an affirmative response. The judge asked the trial defense counsel if he objected to the amendment and was informed that he did not object.

The appellant advised the court that his purpose in assisting Hitch was to help him acquire the cocaine and that upon their return to Fort Benning, Georgia, Hitch de- livered the cocaine to the friend. Evidence taken at a *DuBay*[3] hearing ordered by this court established that Hitch was a government informant and that the friend was a government agent and member of the U.S. Army drug suppression team. Both trial counsel and defense counsel were aware that at the time the plea was entered that Hitch and his so-called friend were in fact government agents acting within the scope of their respective duties.

## II.

For the first time on appeal, the appellant contends in effect that there was no factual predicate for appellant's plea of guilty to Specification I of the Charge. Underlying this assertion is the extra-record evidence, adduced at the *DuBay* hearing, that Private Hitch was a government informant who "distributed" cocaine to a law enforcement agent of the United States Army Criminal Investigation Division (CID). The appellant concludes that this "distribution" was therefore not unlawful.[4] It is well-established that the lawful acts of Government agents cannot be imputed to an accused as criminal conduct. *United States v. Sneed*, 38 C.M.R. 249, 251 (C.M.A.1968). *See, e.g., United States v. Mercer*, 18 M.J. 644, 645 (A.F.C.M.R.1984), *affirmed*, 21 M.J. 28 (C.M.A.1985) (an accused cannot be convicted for unlawful introduction of drugs onto a military installation when the drugs were brought on the installation by a law enforcement agent acting within the scope of his duties); *United States v. West*, 13 M.J. 800, 802 (A.C.M.R.1982) (a criminal conspiracy cannot exist between an accused and a law enforcement agent acting within the scope of his duties). The transfer of illicit substances between government law enforcement agents for law enforcement purposes is not a criminal act. *United States v.*

1. The appellant's confession, attached to the record as an allied paper, likewise supports this version of events.

2. This theory is also supported by the testimony of a CID agent at the post-trial hearing.

3. *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967).

4. In the usual case, this court does not consider extra-record matter when determining the providence of a plea. *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980). However, in the case at bar, the Government candidly acknowledged that Private Hitch was indeed acting in the capacity of Government informant at the time of the alleged distribution.

*Hill*, 25 M.J. 411, 412 (C.M.A.1988); *see* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 916(c). It is equally clear that "a person cannot be convicted as an aider or abettor unless a crime has been committed by someone." *United States v. Mercer*, 18 M.J. at 645. *Accord United States v. Hill*, 25 M.J. 411, 412 (C.M.A.1988); *United States v. Jefferson*, 13 M.J. 779, 781 (A.C.M.R.1982). *See* Article 77, UCMJ, 10 U.S.C. § 877. Here, in light of the additional facts elicited at the *DuBay* hearing and the foregoing rules of law, the appellant's conviction is improper as he could not aid and abet an act that did not, under the circumstances, constitute a crime. Accordingly, appellant's plea of guilty was improvident as it lacked a factual basis to support that plea of guilty. *See United States v. Care*, 40 C.M.R. 247 (C.M. A.1969).

### III.

 With regard to the allegation of ineffective assistance of counsel, the trial defense counsel acted with valid tactical considerations in mind. He had negotiated and secured numerous advantages for the appellant in return for his plea of guilty and he was aware of the valid alternate theories of prosecution which were otherwise available to the Government to secure a conviction. Consequently, although he failed to recognize the prosecution's procedural error with regard to Specification 1 of the Charge in that fast-moving situation, his overall conduct in this case met the standards prescribed in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The court has carefully examined the allegations of error personally alleged by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431, 436 (C.M.A.1982), and insofar as they are not mooted by our action herein, they are deemed to be without merit.

On the basis of the error now apparent on appeal, the finding of guilty to Specification 1 of the Charge is set aside and that specification is dismissed. The remaining finding of guilty is affirmed. Reassessing the sentence on the basis of the error noted and the entire record, only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for eighteen months, forfeiture of $440.00 pay per month for eighteen months, and reduction to the grade of Private E1.

Judge KANE and Judge WERNER concur.