**UNITED STATES, Appellee,**

v.

**Martin T. TRACY, Private, U.S. Army, Appellant.**

No. 65,833.
CM 8901989.

U.S. Court of Military Appeals.

Argued May 8, 1991.

Decided Sept. 12, 1991.

———

For Appellant: *Captain Cynthia J. Rapp* (argued); *Lieutenant Colonel Russell S. Estey* and *Captain Pamela J. Dom-*

*inisse* (on brief); *Captain Timothy P. Riley.*

For Appellee: *Captain Randy V. Cargill* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Captain Timothy W. Lucas* (on brief), *Major Maria C. Fernandez.*

*Opinion of the Court*

COX, Judge:

Contrary to his pleas, appellant was convicted of distributing lysergic acid diethylamide (LSD).* It is this conviction which forms the basis of his appeal. Specifically, we granted appellant's petition to review the following issue:

WHETHER THE EVIDENCE ADDUCED AT TRIAL IS SUFFICIENT AS A MATTER OF LAW TO SUPPORT THE FINDING OF GUILTY OF DISTRIBUTION OF LSD WHERE THE GOVERNMENT AGENT CONDUCTED THE ENTIRE TRANSACTION AND NO MONEY OR DRUGS PASSED THROUGH APPELLANT'S HANDS.

We conclude that the evidence was sufficient to show appellant was a principal to the distribution of LSD. Article 77—Principals, para. 1b(1), Part IV, Manual for Courts–Martial, United States, 1984.

This case concerns the sale and purchase of drugs, and it involves appellant, a drug dealer, and a police informant. On September 3, 1988, Private Michael Sleeper (a registered source working for the Criminal Investigation Command (CID) at Fort Wainwright, Alaska) called appellant to arrange buying marijuana and LSD. However, appellant expressed uncertainty as to whether LSD was available. Appellant also spoke of possibly obtaining a good price from a certain dealer if found. He ended the conversation, noting that it was not a good time to buy drugs but worth a try if the right people were spotted.

———

* In addition to this charge, appellant pleaded guilty to being absent without leave, unlawfully using marijuana, assault and battery, and break-

ing restriction, in violation of Articles 86, 112a, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 886, 912a, 928, and 934, respectively.

Sleeper drove to appellant's home and picked him up. The two then drove to an area in Anchorage where drugs were readily available. They stopped in front of a cafe, and appellant exited the car and entered the cafe. However, he could not find a seller. He left the cafe and got back into Sleeper's car. The two then drove down the street where they encountered a seller named Bower.

Appellant spoke with Bower and then got out of the car to allow Bower to get into the back seat. With everyone back in the car, Sleeper testified that appellant wanted to leave the immediate area because he had spotted a surveillance vehicle. Sleeper followed appellant's instructions. After driving a distance, appellant told Sleeper to stop the car and "do it now" (the drug purchase). The drug transaction was conducted. Sleeper asked appellant to conduct the transaction, but appellant refused. Both Sleeper and appellant received drugs (appellant acquired marijuana while Sleeper purchased LSD). They then drove back to the area where Bower had been picked up and dropped him off there. Appellant was subsequently arrested and charged.

Was there sufficient evidence admitted at trial to show beyond a reasonable doubt that appellant aided and abetted the distribution of LSD? *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Appellant asserts the facts are insufficient; we disagree.

For this Court to determine that the evidence is sufficient to support a finding of guilty, there must be "some legal and competent evidence from which a court-martial may find or infer beyond a reasonable doubt those facts required by law for conviction." *United States v. Harper,* 22 MJ 157, 161 (CMA 1986); *see United States v. Pritchett,* 31 MJ 213, 216 (CMA 1990).

Distribution of a controlled substance requires (a) that a servicemember "distributed a certain amount of a controlled substance" and (b) "[t]hat the distribution ... was wrongful." Para. 37b(3), Part IV, Manual, *supra.* To distribute something "means to deliver to the possession of an-

other." To deliver "means the actual, constructive, or attempted transfer of an item, whether or not there exists an agency relationship." Para. 37c(3). Finally, a person is defined criminally liable as a principal if he "aids, abets, counsels, commands, or procures" the commission of a crime by another. Art. 77(1), Uniform Code of Military Justice, 10 USC § 877(1).

Here, the evidence of record compels a conclusion that indeed appellant was acting in the position of a principal. Since our review is limited to ascertaining whether there is "some legal and competent evidence" upon which the factfinder could have based its findings of guilty, we view the facts in the light most favorable to the Government (*United States v. Pritchett,* 31 MJ at 216). It is clear that appellant assisted the distribution of the LSD. He informed and advised Sleeper of the availability and variety of LSD that might be purchased; he boasted that he might possibly get a better price for the LSD if a certain seller he knew could be found; he walked into a cafe in search of a seller; he initiated the discussion with the seller (Bower); he vouched for the reliability of the seller once found; and he acted as a look-out, warning of a CID surveillance car, and instructing Sleeper on how to evade it. We conclude that the evidence was sufficient to find or infer the facts required by law for a conviction.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN concurs.

EVERETT, Senior Judge (dissenting):

A servicemember who receives delivery of controlled substances is not guilty of distributing the controlled substance, even though without his participation the distribution would not have taken place. Likewise, a servicemember who assists another person in obtaining a controlled substance for the latter's personal use is not a distributor, although he is criminally liable for aiding and abetting the purchaser's possession of the substance.

On the other hand, even someone whose initial role is to help the purchaser may become liable for aiding and abetting the crime of distribution, if at some point he associates himself not only with the purchaser but also with the distributor. *United States v. Hill*, 25 MJ 411 (CMA 1988).

Tracy's aid was originally enlisted by the government agent to help him locate a source of LSD. Ultimately, appellant found a supplier, who sold the drug to the government agent. Tracy himself never touched the drug. When I consider all the evidence, I remain unpersuaded that Tracy ever allied himself enough with the seller to be criminally liable for aiding and abetting the distribution of the LSD. On the other hand, he clearly aided and abetted the buyer's possession of that substance.*

Therefore, I cannot join in affirming the finding of guilty of distribution, even though I could affirm a conviction of some lesser-included offense.

* Since the government agent could rightfully take possession of a controlled substance instant to his investigation, the question might arise as to whether Tracy could be liable for aiding and abetting a lawful possession of the LSD when the person who he aided could not be prosecuted for this offense. Therefore, his liability might only be for attempted possession.