Accordingly, the appeal by the United States is

DENIED.

Chief Judge DIXON and Judge HEIMBURG concur.

**UNITED STATES**

v.

**Staff Sergeant Kenneth M. ESPRONCE-DA, FR329–56–7431, United States Air Force.**

**ACM 29138.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 3 Oct. 1990.

Decided 5 Nov. 1992.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Captain Michael D. Burt.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis, Major Jeffrey C. Lindquist, and Captain James B. Wagner, Jr.

Before O'HAIR, SNYDER, and GRUNICK, Appellate Military Judges.

## OPINION OF THE COURT

SNYDER, Judge:

Tried by a general court-martial which included enlisted members, appellant was convicted, contrary to his pleas, of one specification of four distributions of lysergic acid diethylamide (LSD)[1], in violation of Article 112a, Uniform Code of Military Justice, UCMJ (10 U.S.C. § 912a). He was found not guilty of the wrongful use of LSD. He was sentenced to a dishonorable discharge, 3 years confinement, total forfeitures, and reduction to E–1. The convening authority reduced the confinement portion to 2 years, but otherwise approved the sentence as adjudged. He asserts six assignments of error. Finding no error prejudicial to appellant, we affirm.

I

Due to its potential impact on evidentiary sufficiency, we first address the assertion that the trial judge erred in denying appellant's motion to suppress the pretrial statements he made to investigators. The basis for the motion was the alleged failure of the investigators to honor appellant's request for counsel after his advisement of rights. *See* Mil.R.Evid. 305.

At the request of agents of the Air Force Office of Special Investigations (AFOSI), appellant was arrested by the Colorado Springs Police Department for an outstanding bond regarding a local traffic offense. Appellant claimed he requested counsel immediately after his first advisement of rights by the AFOSI agents in the local jail, but his request was ignored and he was told he was not cooperating. Contrarily, the agents claimed he waived counsel each time they advised him of his rights, as reflected by his initials next to each advisement on the form they used. The next day, when they learned his unit had made an appointment for him with the Area Defense Counsel, the agents broached that issue with appellant immediately upon his returning to their office for a continuation of the earlier interview; specifically, they asked appellant if he was represented by counsel or planned to see counsel. Appellant replied he was interested in seeing counsel solely regarding his "AWOL matter,"[2] but not the drug charges. The lead agent had appellant repeat that with other agents present as witnesses, including the detachment commander. Although appellant claimed he cancelled his appointment with counsel because the agents told him he could not discuss their conversation and his agreeing to be an informant, appellant personally went to the Area Defense Counsel's office and cancelled his appointment.

The military judge found appellant affirmatively waived his right to counsel, and

1. The specification originally alleged divers occasions, but the military judge, with concurrence of the parties, ordered it amended to reflect "four" to conform to the evidence and to facilitate the members' findings.

2. As a result of his arrest and inability to post bail, appellant was not present at his place of duty. Therefore, he was reported as absent without leave (AWOL).

his finding is more than amply supported by the evidence of record. *See United States v. Miller*, 31 M.J. 247 (C.M.A.1990). Further, having reviewed the evidence submitted on the issue, we also find the appellant was advised of his rights and affirmatively waived his right to silence and counsel. Article 66(c), 10 U.S.C. § 866(c).

## II

Appellant also avers the military judge abused his discretion by denying a motion in limine to redact portions of appellant's confession and to preclude the government from introducing testimony regarding appellant's possession of a pistol. The reference to the pistol was included in appellant's written confession to AFOSI, as well as in an informant's statement relating the details of appellant's distribution of LSD to him. This was a reference to appellant showing the informant his 9mm weapon while the informant was at appellant's apartment. Because the informant's testimony was to be used to corroborate appellant's confession, trial counsel offered the evidence in anticipation of the defense's attack on the informant's credibility.

■ Appellant showed the informant the pistol in the middle of the events surrounding the last distribution with which appellant was charged. Appellant had obtained the LSD and provided it to the informant, but appellant brought the informant back to his apartment before the informant could surrender the LSD to the AFOSI agents monitoring their activities. The informant was waiting for appellant to change clothes, when appellant showed him the pistol before changing clothes. After appellant changed clothes, he and the informant returned to the club where the LSD was obtained, and the informant was able to surrender the LSD to the agents. Trial counsel averred the testimony regarding the pistol corroborated the informant's account of events up to his actually surrendering the LSD. There was no indication or hinting of illegal ownership or possession of the pistol, or other sinister purposes. After hearing argument and applying Mil.R.Evid. 403, the military judge ad-

mitted the evidence. In addition to admitting the evidence because the informant's credibility would be in dispute, he also admitted it because it was part of the facts and circumstances surrounding the offense.

The military judge did not abuse his discretion in admitting the evidence. First, the evidence was relevant to the issues before the court. Mil.R.Evid. 401, 402. Although evidence does not have to equate to a crime to be excludable under Mil.R.Evid. 404(b), *see United States v. Woodyard*, 16 M.J. 715, 718 (A.F.C.M.R.1983), *pet. denied*, 17 M.J. 204 (C.M.A.1983), mere possession of a firearm, without more, is not necessarily prejudicial. In the instant case, the claimed prejudice is that the evidence allowed the members to infer the appellant was an armed, dangerous, drug dealer. The military judge, however, considered that prospect while applying Mil.R.Evid. 403. Further, the evidence was intertwined with the surrounding events of the distribution in question; and, as such, was admissible as res gestae evidence, unless precluded by the balancing test of Mil. R.Evid. 403. *United States v. Metz*, 34 M.J. 349 (C.M.A.1992); *United States v. Keith*, 17 M.J. 1078, 1080 (A.F.C.M.R.1984).

■ Even if we conclude the trial judge abused his discretion in admitting the evidence, we find no prejudice. During the informant's testimony, the reference to the showing of the pistol came out rather innocuously. Further, during closing argument on findings, trial counsel argued the evidence strictly along the lines of the informant being truthful and his testimony corroborating the accuracy and trustworthiness of appellant's confession, and there was no further reference to the evidence.

## III

Appellant next assigns as error the ruling of the military judge denying an instruction on findings requested by defense counsel. The government's theory of culpability on two of the alleged distributions was aiding and abetting. Consequently, during the Article 39(a) session, defense

counsel requested the following instruction:

> You are instructed that the law considers the offense of distributing a controlled substance to be more severe than the possession or use of that substance. For this reason, the buyer of the drug cannot be held to have aided and abetted the distribution of the drug, and thus has not committed the offense of distributing a controlled substance.

> You are further advised that if you find SSgt Espronceda was associated with the purpose of the buyer of the drug, then you must find him not guilty of the offense of distributing LSD. However, if you find that he associated himself with the purpose of the seller, then you are permitted to find him guilty of distributing LSD.

The requested instruction is the so called *Swiderski* instruction, which is based on *United States v. Swiderski*, 548 F.2d 445 (2d Cir.1977), and *United States v. Hill*, 25 M.J. 411 (C.M.A.1988). After hearing and considering argument from both counsel, the trial judge denied the requested instruction. His reasons were: The language in *Hill* discussing *Swiderski* is dicta, and, even if sound law and philosophy, *Swiderski* should be strictly limited to the precise facts therein. We do not find any error in the trial judge's denial of the requested instruction.

■ The applicable test for determining whether a denial of a requested instruction constitutes error is well settled. The test is whether: (1) the requested instruction is in itself a correct charge; (2) it is not substantially covered in a given instruction; and (3) it is on such a vital point in the case that the failure to give it deprived the accused of a defense or seriously impaired an effective presentation. *United States v. Aker*, 19 M.J. 733, 734 (A.F.C.M.R.1984), *pet. denied*, 20 M.J. 133 (C.M.A.1985); *citing United States v. Winborn*, 14 U.S.C.M.A. 277, 34 C.M.R. 57, 62 (1957). We believe the requested instruction fails the first and third requirements.

In *Swiderski*, a couple engaged to be married was tried, among other charges, for possession of cocaine with intent to distribute. In response to the defendants' denial of purchasing cocaine (they admitted only to using cocaine at the place of the transaction), the prosecutor argued that the jury could convict even if defendants' intent was limited to later sharing the cocaine with each other. During deliberations the jury asked the judge for clarification on that very point: assuming joint possession, is an intent to share among the joint possessors sufficient, or must third parties be involved? In addition to repeating the earlier instruction, the judge, over defense objection, ruled that giving some of the drug to a friend or even one's fiance was sufficient. On appeal, it was held that such an application defeated the intent of Congress in distinguishing between a distributor and a mere possessor or user. 548 F.2d at 449–450. To effect the intent of Congress, *Swiderski* held that if two people take or obtain simultaneous, joint, possession of a drug with the intent solely to use or share use of the drug with each other, they cannot be guilty of either possession with intent to distribute the drug, or distribution of the drug. 548 F.2d at 450. *Hill*, 25 M.J. at 414, argued an expansion of this principle to preclude culpability for abetting distribution if the aider and abettor associated or aligned his or her efforts solely with the interests of the buyer, thereby limiting culpability to that of possession.

As noted by then Chief Judge Everett in *Hill:* although the other Federal circuits have not explicitly adopted or endorsed the reasoning or wisdom of *Swiderski*, choosing to distinguish it factually, neither has there been an outright rejection of its core principle on the culpability of so called joint possessors of drugs. *See United States v. Hill*, 25 M.J. at 411, n. 3. *See also United States v. Hardy*, 895 F.2d 1331 (11th Cir. 1990); *United States v. Baggett*, 890 F.2d 1095 (10th Cir.1989). On the other hand, neither are there indications of any proclivity to extend *Swiderski* beyond its core facts. The First Circuit's view is, "[t]he *Swiderski* holding appears fully justified on the facts of that case, but we hesitate to

approve its casual extension to situations where more than a couple of defendants and a small quantity of drugs are involved." *United States v. Rush*, 738 F.2d 497, 514 (1st Cir.1984), *cert. denied*, 470 U.S. 1004, 105 S.Ct. 1355, 84 L.Ed.2d 378 (1985). *Hill* involved the providency of a guilty plea where the *Swiderski* issue was specified by the Court, and, as recognized by the military judge in the instant case, the *Hill* Court's decision left the extent of its applicability open to question. *See United States v. Hill*, 25 M.J. at 415 (Cox, J., dissenting).

Since *Hill*, the issue has not been presented to the Court of Military Appeals for resolution. As in *Hill*, the Court disposed of the issue factually when deciding the providency of guilty pleas, *United States v. Bennett*, 26 M.J. 173 (C.M.A.1988) (summary disposition), and rejected application of the *"Swiderski* exception" to co-conspirators. *See United States v. Tuero*, 26 M.J. 106 (C.M.A.1988). Moreover, we find especially noteworthy *United States v. Tracy*, 33 M.J. 142 (C.M.A.1991), wherein the Court refused to hold that the evidence was insufficient as a matter of law to prove Tracy's guilt as a principal where no money or drugs passed through Tracy's hands, and the government agent conducted the entire transaction (Private Tracy was a facilitator). Although *Tracy* does not reflect the trial participants' theories, or the instructions requested and given, we do take note of the Court's straight forward application of the Manual for Courts–Martial's, 1984 definitions of distribution and principal. *Tracy*, 33 M.J. at 143. There is no attempt to review or analyze whether the appellant associated himself with the distributor or buyer. The only mention of the *Hill* position is in the dissenting opinion. *Tracy*, 33 M.J. at 143 (Everett, S.J., dissenting). The Court also demonstrated its reluctance to depart from the clear meaning of Article 112a and the President's definition of distribution while affirming the providency of a guilty plea in *United States v. Ratleff*, 34 M.J. 80 (C.M.A.1992) (appellant

distributed drug when he accompanied owner to hiding spot, took can of hashish from where it was hidden by owner, opened the can, removed the hashish, and gave it to owner, and they both smoked it).

Our last occasion to consider the so called *Hill–Swiderski* issue was *United States v. Lippoldt*, 34 M.J. 523 (A.F.C.M.R. 1991), where the accused unsuccessfully moved to require the prosecution to elect between the charged conspiracy to possess marijuana with a third party and distribution of the same marijuana to the same third party as an aider and abettor to his brother, the actual distributor. In *Lippoldt*, while agreeing with the tenet that a sole purchaser for personal possession or use is not a principal to the distribution, we found the facts to clearly support Lippoldt's culpability as an aider and abettor to the distribution of marijuana. However, *Lippoldt* should not be read so expansively as to suggest we believe the so called *Hill–Swiderski* rule or exception is firmly imbedded as a military justice precedent,[3] or, if applicable, that it goes any further than the precise facts of *Swiderski*.

Whatever application the precise, narrow, exception of *Swiderski* may have in trials by court-martial, "[w]e decline to expand [*Hill–Swiderski*] by applying it to an accused who ... acts as the middleman or facilitator in a drug transaction, serving the interests of both the distributor and the receiver." *United States v. Lippoldt*, 34 M.J. at 526. In fact, such limitation is entirely consistent with *Swiderski's* overall rationale. In addition to the stated congressional intent to distinguish between distributors of drugs and drug users via the authorized maximum punishment, *Swiderski* also recognized the clear congressional intent to sever the drug chain wherever possible. The Court did so by concluding two people who *jointly possess* drugs solely for their personal use do not serve as links in the drug abuse chain. 548 F.2d at 451. A facilitator or middleman, however, can hardly be viewed as not serv-

---

3. The instant case was tried well prior to *Lippoldt*. *Lippoldt*, therefore played no part in the trial judge's ruling.

ing the link or adding to the chain of drug abuse. The Ninth Circuit emphasized this facet of Congress' intent in *United States v. Wright*, 593 F.2d 105 (9th Cir.1979). "Congress in 21 U.S.C. § 841(a)(1) demonstrated its intention to deter individuals from involvement *or* assistance in drug trafficking." (emphasis added) 593 F.2d at 108 (upholding denial of *Swiderski* instruction to defendant who procured heroin for joint use with person who provided purchase price).

■ In the instant case, the facts indicate appellant never sought to jointly possess the LSD with the ultimate users, two army enlisted men. On the occasions in question, his actions were solely those of a facilitator. With regards to the first aiding and abetting transaction, at the request of the purchaser, appellant telephoned the distributor (Kevin) from appellant's apartment and advised Kevin a potential buyer was in his apartment. Appellant told Kevin how much was wanted and told the buyer the price. Appellant accompanied the buyer and the buyer's friend to the spot specified by Kevin and took the money from the them and gave it to Kevin with the request for Kevin to meet them at appellant's apartment. Kevin apparently could not find his source, but later, while explaining that fact at appellant's apartment, Kevin happened to have some "loose ones" on him, and transferred about four hits of LSD to the buyer and the buyer's friend. Although the original deal faltered, this distribution occurred at appellant's apartment, and flowed directly from appellant's facilitation.

The second instance followed a similar pattern, except it culminated with appellant transporting Kevin in appellant's automobile onto Fort Carson, Colorado so Kevin could make the deal with the two buyers. Given these circumstances, the trial judge did not err in refusing the requested instruction. *United States v. Tracy*, 33 M.J. 142 (C.M.A.1991); *United States v. Lippoldt*, 34 M.J. 523 (A.F.C.M.R.1991).

## IV

Appellant next avers he suffered prejudicial error when the trial judge allowed trial counsel to argue, over defense objection, appellant's failure to produce evidence of his innocence. We disagree.

During his rebuttal to counsel's closing argument on findings, and in response to an assertion by defense counsel, trial counsel commented, "[t]he defense didn't bring Tory in." Although defense counsel's objection was overruled, no further reference regarding "Tory" was made by trial counsel.

■ It is axiomatic that trial counsel is prohibited from commenting on or alluding to an accused's failure to produce witnesses in his behalf. *United States v. Mobley*, 31 M.J. 273 (C.M.A.1990); *United States v. Swoape*, 21 M.J. 414 (C.M.A.1986). If made, such comments require the record to be tested for prejudice. *United States v. Mobley*, 31 M.J. at 279. Another ironclad rule, however, is argument which is improper, standing alone, becomes nonprejudicial when properly made in response to defense argument, depending on the content of the reply. *See United States v. Doctor*, 7 U.S.C.M.A. 126, 134, 21 C.M.R. 252, 260 (1956).

■ In the instant case, defense counsel clearly opened the door to trial counsel's comment. During his argument on findings, defense counsel averred as follows:

> Now at this incident in Tory's apartment, we don't have Tory. Why didn't the government bring in Tory? Why didn't they bring him in?
>
> "Did [appellant] come over that night? Did you see him go in the back room?" They didn't. Why? *Because Tory's going to say that didn't happen.* They'll use their professional liars to come in and say that. (emphasis added)

Arguing missing links in the government's evidence or commenting on a witness' credibility is clearly permissible. However, when, as reflected above, defense counsel clearly proffered anticipated testimony of a potential witness, he crossed a clear boundary over into a different area with expanded limits. As we commented previously on this same issue, such argument improperly

suggests the government is withholding evidence favorable to the accused and properly prompts an appropriate response from trial counsel.[4] *See United States v. Fisher,* 17 M.J. 768, 772 (A.F.C.M.R.1983), *rev'd on other grounds,* 24 M.J. 358 (C.M.A. 1987). Given the affirmative assertion of defense counsel, trial counsel was within bounds to reply. The manner of his reply, however, was improper. He did not explain Tory's absence, i.e., unable to locate and subpoena him, etc., but instead, attempted to place the onus on defense counsel. Trial counsel's improper response, notwithstanding, we do not find prejudice. As mentioned, there was no further comment on this matter, and the trial judge's instruction emphasized the accused's absolute right not to testify and the fact the accused was not required to provide evidence of his innocence.

## V

Appellant next attacks the sufficiency of the evidence to prove his guilt beyond a reasonable doubt. Both parties' briefs recognize the proper test we must apply in addressing this assignment of error. For legal sufficiency we must consider the evidence in the light most favorable to the government and determine whether a reasonable fact finder could find all essential elements beyond a reasonable doubt. *United States v. Turner,* 25 M.J. 324 (C.M.A.1987). As a result of the law of the case, see n. 1, *supra,* the members had to be convinced beyond a reasonable doubt on each alleged distribution. Reviewing the evidence which they had to assess, it is · sufficient to support their findings. Two accomplice witnesses testified appellant distributed small quantities of LSD to them. Their testimony differed only with respect to the amount of LSD obtained from appellant. The members also had appellant's confession before them. After being fully and properly instructed, especially with re-

gards to accomplice testimony, they returned findings of guilty.

For factual sufficiency, we must ourselves be convinced beyond a reasonable doubt of appellant's guilt, allowing for the fact we have not personally observed the witnesses. Article 66(c), UCMJ; *United States v. Turner,* 25 M.J. at 325. On the first alleged distribution, we have assessed each accomplice's testimony on its own merits, made allowance for each one's motive to misrepresent, and considered its probability and improbability. Having done so, we are convinced of appellant's guilt beyond reasonable doubt. With regards to the other distribution, and the two instances of aiding and abetting, we find the informant's and each accomplice's testimony sufficient to provide adequate corroboration of appellant's confession and to accord sufficient weight to his confession. Thus, we are also convinced beyond reasonable doubt of appellant's guilt of the other two distributions. Accordingly, the findings are correct in fact and law. Article 66(c), UCMJ.

## VI

Appellant's final assertion is that his sentence is inappropriately severe. Assessing all aspects of this case, we do not find appellant's sentence to be inappropriately severe.

Accordingly, the findings and sentence are hereby,

AFFIRMED.

Senior Judge O'HAIR and Judge GRUNICK concur.

---

**4.** The most appropriate response will be for trial counsel to object and request an Article 39(a) session so the trial judge can rule on the objection and issue any appropriate caution. Further, considering the remedies available to the

defense, e.g., requesting immunization of potential witnesses, where the witness is unavailable through no fault of the government, the appropriateness of such defense argument is questionable.