**UNITED STATES, Appellee,**

v.

**Charles B. SWOAPE, Machinery Repairman Second Class, U.S. Navy, Appellant.**

No. 45,141.

NMCM 82 2387.

U.S. Court of Military Appeals.

March 24, 1986.

For Appellant: *Lieutenant Mark A. Zuboff, JAGC, USNR* (argued); *Commander Matthew J. Wheeler, JAGC, USNR* (on brief).

For Appellee: *Lieutenant Darlene M. Connelly, JAGC, USN* (argued); *Captain W.J. Hughes, JAGC, USN* and *Lieutenant Michael P. Cogswell, JAGC, USNR* (on brief).

*Opinion of the Court*

COX, Judge:

Appellant was tried by general court-martial composed of a military judge and members at the Naval Base, Norfolk, Virginia. Contrary to his pleas, he was found guilty of stealing an auto on or about August 20, 1981,[1] and of willfully damaging the same automobile on or about August 21, 1981, in violation of Articles 121 and 109, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 909, respectively. On January 14, 1982, the court members sentenced appellant to be confined at hard labor for 1 year, to forfeit $200.00 pay per month for 12 months, and to be reduced to pay grade E–1. The convening authority approved the findings and sentence as adjudged. The Court of Military Review af-

---

1. The court-martial order dated April 8, 1982, incorrectly states this date.

firmed in an unpublished short-form opinion.

This Court granted review on the following question of law raised by appellate defense counsel.

WHETHER PREJUDICIAL ERROR OCCURRED WHEN THE MILITARY JUDGE PRECLUDED APPELLANT FROM INTRODUCING EVIDENCE (DEFENSE EXHIBITS B AND C AND TESTIMONY OF LIEUTENANT McCORMACK) EXPLAINING WHY A CRITICAL POTENTIAL DEFENSE WITNESS, FIREMAN APPRENTICE MIKE RUSSO, WAS NOT PRESENT TO TESTIFY.

This Court also specified the following question:

WHETHER APPELLANT CAN LAWFULLY BE FOUND GUILTY OF BOTH AN ARTICLE 109 AND AN ARTICLE 121 OFFENSE WHEN EACH OFFENSE INVOLVES THE SAME PROPERTY. *SEE UNITED STATES V. WEST,* 17 M.J. 145 (C.M.A.1984).

We find these questions need not be answered at the present time because plain error otherwise occurred in this case.

More particularly, our review of the record of trial convinces us that the military judge erred in failing to instruct the members that no inference could be drawn from the absence of Russo as a witness in this case. *See generally* para. 73, Manual for Courts-Martial, United States, 1969 (Revised edition). We also hold that certain comments by trial counsel in his closing argument were impermissible. Finally, we conclude that it would be appropriate for the Court of Military Review to make an initial assessment of whether these errors caused material prejudice to appellant. *See generally United States v. Weeks,* 20 M.J. 22, 25 (C.M.A.1985).

The prosecution at this general court-martial presented substantial circumstantial evidence that appellant committed the charged offenses. Summarizing this evidence, we note that the stolen vehicle was recovered from appellant after a high-speed police chase; its ignition cylinder had been popped; and the rear license plate had been replaced. Various tools and other items suited for these purposes were discovered on appellant or in his knapsack, which was found in the vehicle. The defense denied that appellant stole this vehicle or damaged its ignition. Appellant testified that a sailor from the USS SAIPAN by the name of Mark or Mike Russo had loaned him the vehicle. He further testified that this relative stranger gave him the keys to the car and asked him to store the tools in his knapsack. A stipulation of fact was entered into at trial to the effect that on the day of trial a Fireman Apprentice Michael T. Russo was listed in a Naval Service locator as being attached to the USS SAIPAN.

The defense offered additional evidence which was not admitted by the military judge. First, it offered a naval message sent a few months before trial by defense counsel to the USS SAIPAN inquiring whether a "Mark Russo" was aboard. Next, it offered the negative response sent to defense counsel a few days later by the USS SAIPAN. Finally, the defense offered the testimony of Lieutenant McCormack, one of the two defense lawyers who represented appellant at trial. He was expected to testify to the circumstances up to and including the day of trial which led to the belated discovery of the name of "Mike Russo" on the Naval Service locator as a sailor attached to the USS SAIPAN.

█ Appellant asserts that the military judge abridged his constitutional right to present evidence in his defense at this court-martial. *See generally Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973); *Washington v. Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). He argues that the proffered defense evidence was relevant within the meaning of Mil.R. Evid. 401, Manual, *supra,* and was legally admissible within the meaning of Mil.R. Evid. 402 to rebut the so-called "missing

witness" inference.[2] We hold that such an inference could not legally be drawn against appellant based upon the evidence in this case. *See Graves v. United States,* 150 U.S. 118, 120–21, 14 S.Ct. 40, 41, 37 L.Ed. 1021 (1893); *United States v. Rogers,* 14 U.S.C.M.A. 570, 575, 34 C.M.R. 350, 355 (1964). *See generally* 2 Wigmore, *Evidence* §§ 285–91 (Chadbourn rev. 1979).

Appellant's defense rested on his testimony that he was given permission to use the damaged vehicle by a Mark or Mike Russo, a sailor attached to the USS SAIPAN. He did not call the person as a witness at this court-martial to corroborate his testimony. The prosecution did not call this person as a witness to rebut this testimony. Accordingly, the success of this defense depended on the members' assessment of appellant's credibility and the probability of his testimony in light of other circumstances evidenced in this case.

The evidence rejected by the military judge was offered by the defense to explain a circumstance which it believed would undermine appellant's testimony. Defense counsel asserted that its failure to produce Russo as a witness would give rise to a "logical" inference in the minds of the members that his testimony was unfavorable to appellant. The military judge agreed "that certainly is an inference that the court members might draw." We note, however, that as a matter of law, this

inference cannot be drawn against a party simply on the basis of the absence of a witness who might provide testimony which would favor that party. *Graves v. United States,* 150 U.S. at 121, 14 S.Ct. at 41; 2 Wigmore, *supra,* § 286. Moreover, there was no evidence admitted at this point in the trial by either the prosecution or the defense which showed Russo was peculiarly available to the defense.[3] Accordingly, the military judge should have informed defense counsel that his offer of proof was premature and an appropriate instruction forbidding the members to draw such inference was presently warranted. *See generally United States v. Graves,* 1 M.J. 50 (C.M.A.1975).

■ The military judge made no ruling on the availability of this inference as a matter of law in the present case. Instead, he simply rejected the proffered defense evidence because he considered it irrelevant to explain Russo's absence as a witness in this case. No other evidence pertaining to the availability of this inference was subsequently admitted by him at this court-martial. Nevertheless, he failed to instruct the members that they were not legally free to draw such an inference based on the evidence presented in this case. *Cf. United States v. Young,* 463 F.2d 934, 945–49 (D.C.Cir.1972) (Robinson, J., concurring). In this context,[4] we hold

---

2. A sample instruction explaining this inference is as follows:

     § 17.19  Absence of Witness
     If it is peculiarly within the power of either the prosecution or the defense to produce a witness who could give material testimony on an issue in the case, failure to call that witness may give rise to an inference that his testimony would be unfavorable to that party. However, no such conclusion should be drawn by you with regard to a witness who is equally available to both parties, or where the witness's testimony would be merely cumulative.
     The jury will always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.
   E. Devitt and C. Blackmar, *Federal Jury Practice and Instructions* § 17.19 (1977). *See also Harris v. United States,* 430 A.2d 536, 540 n. 5 (D.C.App. 1981).

3. This inference is especially inappropriate in the present case where the prospective witness might have incriminated himself by providing favorable defense testimony—*see Pennewell v. United States,* 353 F.2d 870 (D.C.Cir.1965); where the witness was not "bound to" the appellant "by ties of interest or affection"—*see I Wharton's Criminal Evidence* § 149 (C. Torcia 13th ed. 1972); and where the witness could have been called by either party—*see United States v. Busic,* 587 F.2d 577, 586 (3d Cir.1978), *revd. on other grounds,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980).

4. The defense did not assert that its inability to locate Russo was a fact which suggested his testimony would favor appellant. It also did not request the trial judge to give a "missing witness" instruction on the basis of the prosecution's failure to call Russo as a rebuttal witness. *See generally United States v. Keplinger,* 776 F.2d 678, 701–03 (7th Cir.1985); *United States v.*

that the trial judge's failure to inform the parties and the members as to the unavailability of this inference was plain error. *See United States v. Sutton,* 732 F.2d 1483, 1492 (10th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 903, 83 L.Ed.2d 919 (1985); *United States v. Falsia,* 724 F.2d 1339, 1342 (9th Cir.1983); *United States v. Super,* 492 F.2d 319, 321–23 (2d Cir.1974).

We also note that the prosecutor made the following comments in his closing argument which were indirectly related to the above error:

> Also remember yesterday, it's January now, yesterday was the first time you or the government ever heard Petty Officer Swoape's story about the details of the mysterious stranger, the name. This happened in August and that's a lot of time to think of some details and it's convenient that he comes up with a name and the name conveniently shows up on the worldwide locator yesterday.

There was no evidence presented to the members as to when the prosecution discovered Russo might be a material witness in this case. Moreover, the prosecution's argument suggests indirectly that it did not call Russo as a witness because of its belated discovery at trial of his purported involvement in this case. The military judge, however, had earlier rejected defense evidence that it had belatedly discovered on the day of trial the true name of this potential witness. In our mind, neither explanation is more relevant than the other

*Brutzman,* 731 F.2d 1449, 1453–54 (9th Cir. 1984). Nevertheless, his offer of proof can be reasonably construed as a request for a "neutralizing" instruction which would reduce the danger that the members draw any inference from the absence of this witness. *See Bowles v. United States,* 439 F.2d 536, 542 (D.C.Cir.1970).

5. Neither defense counsel nor trial counsel requested a continuance to interview this belated-

to explain the absence of Russo as a witness at this court-martial.[5] Accordingly, such comment by the trial counsel was grossly unfair. *See* Art. 46, UCMJ, 10 U.S.C. § 846.

The prosecution's closing argument also suggests that an inference of recent fabrication might be drawn from the failure of appellant to provide the Government with the name of a potential exculpatory witness prior to trial. Such argument was impermissible. *See United States v. Clifton,* 15 M.J. 26, 30 (C.M.A.1983); *United States v. Fitzpatrick,* 14 M.J. 394, 398 (C.M.A.1983). This is especially true in the present case where the trial judge had earlier prohibited trial counsel from asking appellant whether he told this story to anyone prior to trial.

In view of these errors which were not addressed below, we believe that a remand to the Court of Military Review to assess prejudice is most appropriate. *See United States v. Weeks, supra.*

The decision of the United States Navy-Marine Corps Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for findings of fact and conclusions of law on whether appellant was prejudiced by these errors. After the court below renders its decision, the record will be returned directly to this Court.

Chief Judge EVERETT concurs.

ly discovered potential material witness. Art. 40, Uniform Code of Military Justice, 10 U.S.C. § 840. Moreover, there was no evidence that either party sought to compel his attendance as a witness at this court-martial. Art. 46, UCMJ, 10 U.S.C. § 846. *See generally* 8 Wigmore, *Evidence* § 2273(1) (McNaughton rev. 1961).