# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39072**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Rashaan D. FEDDERSEN**
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 21 August 2017

————————————

*Military Judge:* Natalie D. Richardson.

*Approved sentence:* Bad-conduct discharge, confinement for 20 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 25 March 2016 by GCM convened at Joint Base Elmendorf-Richardson, Alaska.

*For Appellant:* Major Mark C. Bruegger, USAF.

*For Appellee:* Major G. Matt Osborn, USAF; Major Mary Ellen Payne, USAF; Gerald R. Bruce, Esquire.

Before DREW, MAYBERRY, and DENNIS, *Appellate Military Judges.*

Chief Judge DREW delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge DENNIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

DREW, Chief Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement, of attempting to violate a no-contact order, in violation of Article 80, Uniform Code of

Military Justice (UCMJ), 10 U.S.C. § 880; of nine specifications of wrongfully introducing, distributing, and using various controlled substances, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a; of breaking restriction in violation of Article 134, UCMJ, 10 U.S.C. § 934; and of wrongfully endeavoring to impede the urinalysis inspection of another Air Force member, also in violation of Article 134.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 20 months, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the sentence as adjudged.[2]

On appeal, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant asserts two errors: that the military judge abandoned her neutral position and inappropriately assisted the Prosecution and that the assistant trial counsel inappropriately argued that Appellant failed to produce sentencing evidence. We find no error materially prejudicial to Appellant's substantial rights and thus affirm the findings and sentence.

## I. BACKGROUND

Appellant arrived at his first duty station, Joint Base Elmendorf-Richardson (JBER), Alaska, in April 2015. In September 2015, Appellant received a text message from Airman First Class (A1C) DJ, with whom he had recently wrongfully used a controlled substance, that A1C DJ had just been notified that he needed to provide a urinalysis sample. Appellant arranged for Airman (Amn) CR to provide A1C DJ a container of urine to use at his urine collection.

On 7 December 2015, Appellant was punished by his squadron commander, pursuant to Article 15, UCMJ,[3] for having a total of four under-aged girls, ranging from 13 to 15, in his dorm room over the course of two separate events. His punishment included reduction to the grade of Airman and restriction to JBER for 60 days, 30 days of which was suspended. On

---

[1] Appellant pleaded guilty to all offenses as charged, except for the allegation that he used Xanax on divers occasions. The Prosecution withdrew and dismissed the words "on divers occasions" in that specification before the military judge entered findings on all of the remaining allegations. The military judge found Appellant guilty of Xanax use by exception and substitution, to conform the findings to the date that Appellant admitted during the providence inquiry that he used Xanax.

[2] The adjudged sentence was not affected by the pretrial agreement to approve no more than 22 months of confinement.

[3] 10 U.S.C. § 815.

21 December 2015, Appellant broke his restriction to JBER and was arrested by civilian police in Anchorage, Alaska, for driving under the influence of marijuana. Appellant had been driving erratically, to include driving on the wrong side of the road. He told the arresting officer that the marijuana had affected his driving, because he was "not using his brain." In his car when he was arrested were two 15-year-old girls. After returning to JBER, Appellant attempted to violate a no-contact order issued by his squadron commander, not to contact Amn CR, by wrongfully asking another military member to call Amn CR on the other member's cell phone and then pass the phone to Appellant.

An ensuing investigation by the Air Force Office of Special Investigations revealed that in the summer through winter of 2015 Appellant had—on divers occasions—wrongfully introduced onto JBER, distributed, and used, 3,4-methylenedioxymethamphetamine (commonly known as "ecstasy" or "molly"); on divers occasions wrongfully introduced onto JBER, distributed, and used lysergic acid diethylamide (commonly known as "LSD"); on divers occasions wrongfully distributed and used marijuana; and wrongfully used alprazolam (commonly known as "Xanax").

## II. DISCUSSION

Appellant now asserts that the military judge abandoned her neutral role and helped the Prosecution lay the foundation to introduce some of its sentencing evidence. At no time during his trial did Appellant challenge the military judge for purportedly abandoning her proper role. Appellant also now asserts that the assistant trial counsel improperly argued that he failed to introduce mitigating evidence at trial. Appellant offered no objection at trial to the Prosecution's sentencing argument.

> "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)). The distinction between the terms is important. If an appellant has forfeited a right by failing to raise it at trial, we review for plain error. [*United States v.*] *Harcrow*, 66 M.J. [154,] 156 [(C.A.A.F. 2008)] (citing *Olano*, 507 U.S. at 733-34). When, on the other hand, an appellant intentionally waives a known right at trial, it is extinguished and may not be raised on appeal. *Id.* (citing *Olano*, 507 U.S. at 733-34).

*United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009).

## A. Challenge to the Military Judge

> There is a strong presumption that a judge is impartial, and a party seeking to demonstrate bias must overcome a high hurdle, particularly when the alleged bias involves actions taken in conjunction with judicial proceedings.
>
> . . . .
>
> Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned is a basis for the judge's disqualification. . . . When a military judge's impartiality is challenged on appeal, the test is whether, taken as a whole in the context of this trial, a court-martial's legality, fairness, and impartiality were put into doubt by the military judge's actions. On appeal, the test is objective, judged from the standpoint of a reasonable person observing the proceedings.

*United States v. Quintanilla*, 56 M.J. 37, 44, 78 (C.A.A.F. 2001) (citations and internal quotation marks omitted).

Appellant never challenged the military judge's impartiality during the trial or otherwise objected on a similar basis. When asked at the beginning of the proceedings whether he wished to challenge the military judge, he said that he did not. However, we cannot say that he intentionally relinquished or abandoned a challenge to the military judge, based on the military judge's *later* actions.

Nevertheless, we have carefully reviewed the record of trial for plain error, to include those portions during which Appellant asserts the military judge abandoned her neutral role. The military judge was hardly helpful to the Prosecution. For example, while she properly allowed trial counsel to continue to ask questions of his witness, in a vain attempt to lay an evidentiary foundation, she ultimately sustained one of the Defense's objections. Appellant has not overcome the strong presumption that the military judge was at all times impartial and never abandoned her proper role.

## B. Assistant Trial Counsel's Sentencing Argument

Appellant complains for the first time on appeal about the following portion of assistant trial counsel's argument:

ATC: So, when you weigh these aggravating factors and the total disregard he's shown for the Air Force, you'll see that he

> deserves no leniency. What Airman Feddersen hasn't shown you today is an EPR showing that he's a firewall-5.[4] He's served honorably. He's done exceptionally well.

MJ: Just to be clear, if there was an EPR, you would have introduced it, correct?

ATC: Yes, ma'am.

MJ: Okay, go on.

ATC: But, he can't show you an EPR, nobody can show you an EPR, because he's managed to commit all of these crimes in one rating period . . . before one rating period.

(Ellipsis in original).

Improper argument is a question of law that we review de novo. *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014) (citing *United States v. Marsh*, 70 M.J. 101, 106 (C.A.A.F. 2011)).

> Whether trial counsel's comments improperly reference an accused's invocation of an accused's constitutional right to remain silent is a question of law that this court reviews de novo. *United States v. Moran*, 65 M.J. 178, 181 (C.A.A.F. 2007). When an objection is made to a nonconstitutional error, appellate courts determine whether the error materially prejudiced the substantial rights of the accused. Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2006); *United States v. Edwards*, 35 M.J. 351, 355 (C.M.A. 1992).
>
> When no objection is made during the court-martial, a counsel's arguments are reviewed for plain error. *United States v. Schroder*, 65 M.J. 49, 57-58 (C.A.A.F. 2007). Plain error occurs when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice. *United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008). Regardless of whether there was an objection or not, "[i]n the context of a constitutional error, the burden is on the Government to establish that the comments were harmless beyond a reasonable

---

[4] A "firewall-5" enlisted performance report (EPR) in the Air Force is an annual evaluation with the highest rating (5) in all evaluated areas.

> doubt." [*United States v.*] *Carter*, 61 M.J. [30,] 35 [(C.A.A.F. 2005)] (citation omitted).

*United States v. Flores*, 69 M.J. 366, 369 (C.A.A.F. 2011).

"The legal test for improper argument is whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused." *Frey*, 73 M.J. at 248 (quoting *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000)). When we determine that improper argument occurred during the sentencing portion of the trial, we must determine whether or not we can be "confident that [the appellant] was sentenced on the basis of the evidence alone." *Id.* (quoting *United States v. Halpin*, 71 M.J. 477, 480 (C.A.A.F. 2013)) (brackets in original).

As noted by the Court of Appeals for the Armed Forces in *Frey*, the standard for determining prosecutorial misconduct was established by the Supreme Court in *Berger v. United States*, 295 U.S. 78 (1935). In *Berger*, the Court stated that trial counsel:

> may prosecute with earnestness and vigor . . . . But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

295 U.S. at 88. Trial counsel may "argue the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *Frey*, 73 M.J. at 248 (quoting *Baer*, 53 M.J. at 237). However, it is error for trial counsel to make arguments that "unduly . . . inflame the passions or prejudices of the court members." *Id.* (quoting *United States v. Marsh*, 70 M.J. 101, 102 (C.A.A.F. 2011)) (ellipsis in original). Trial counsel generally may not comment on the failure of the defense to produce evidence. *United States v. Taylor*, 47 M.J. 322, 324 (C.A.A.F. 1997).

> It is black letter law that a trial counsel may not comment directly, indirectly, or by innuendo, on the fact that an accused did not testify in his defense. *Griffin v. California*, 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106 (1965). Furthermore, he is not permitted to comment on an accused's failure to produce witnesses in his behalf. *United States v. Swoape*, 21 M.J. 414 (C.M.A. 1986). If such comments are made, the record must then be examined for prejudice to determine whether the error was harmless. *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967).

*United States v. Mobley*, 31 M.J. 273, 279 (C.M.A. 1990).

Whenever trial counsel chooses to argue that an accused has not "shown" the sentencing authority something, counsel treads backwards into a mine field in over-sized galoshes while wearing a blindfold. Only the most experienced advocate can do so without exploding any number of prejudicial mines that would result in setting aside the sentence in an otherwise properly tried court-martial. Assistant trial counsel here was not that experienced and the argument was best left unsaid. However, the unique facts of this case saved this unwary counsel.

In context, it is clear that assistant trial counsel was commenting on the fact that Appellant had not served long enough to receive an enlisted performance report. The following phrases "he's a firewall-5"; "[h]e's served honorably"; and "[h]e's done exceptionally well";[5] are clear references to what could have been in a performance report, if there had been one. This is not evidence that *Appellant* chose not to produce. Indeed, the *Prosecution is required* to submit all of an accused's performance reports. *See* Air Force Instruction 51-201, *Military Justice Administration*, ¶ 8.13.3 (6 Jun. 2013). Apparently confused by counsel's ineffectual argument, the military judge clarified that the Prosecution had not withheld any of Appellant's performance reports.

Assistant trial counsel's awkward argument on the lack of *Prosecution* evidence did not prejudice Appellant. Even if we were to interpret the argument as a comment on Appellant's failure to offer some other mitigation evidence, and assuming, *arguendo* that the argument implicated Appellant's constitutional rights, we are convinced that assistant trial counsel's comments were harmless beyond a reasonable doubt.[6]

---

[5] The court reporter chose to transcribe the latter two phrases as separate sentences. The court reporter's choice does not render the record of trial as anything less than *substantially* verbatim. However, the choice is misleading. In the context of the argument, the phrases would have been better rendered as phrases joined to the preceding sentence by semicolons or dashes. Nevertheless, we fully grasp the argument as given, intended, and interpreted by the military judge.

[6] It would have been helpful and—in a closer case, essential—for the military judge to have stated on the record that she did not consider assistant trial counsel's argument as indicating that Appellant had any obligation to produce any evidence.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and there were no errors that materially prejudiced Appellant's substantial rights. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court