*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

### UNITED STATES
Appellee

**v.**

### Gregory S. SIMPSON, Gunnery Sergeant
United States Marine Corps, Appellant

**No. 20-0268**
Crim. App. No. 201800268

Argued January 12, 2021—March 10, 2021

Military Judge: Robert D. Merrill

For Appellant: *Tami L. Mitchell*, Esq. (argued); *Lieutenant Clifton E. Morgan III*, JAGC, USN, and *David P. Sheldon*, Esq. (on brief).

For Appellee: *Lieutenant Gregory A. Rustico,* JAGC, USN (argued); *Lieutenant Colonel Nicholas L. Gannon*, USMC, *Major Kerry E. Friedewald*, USMC, and *Brian K. Keller*, Esq. (on brief).

Judge MAGGS delivered the opinion of the Court, in which Judges OHLSON and SPARKS joined. Chief Judge STUCKY filed an opinion concurring in part and dissenting in part, in which Judge HARDY joined.

———————

Judge MAGGS delivered the opinion of the Court.

The assigned issue in this case is: "Whether it is legally impossible for Appellant to be convicted of distributing indecent images to himself under Article 77, [Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 877 (2012)], when the plain language of Article 120c(a)(d)(5), UCMJ, requires the images be distributed to 'another.'" We answer this question in the negative, holding that Appellant could properly plead guilty to distributing the indecent visual recording at issue as an aider and abettor of the person who distributed the recording to Appellant. We therefore affirm the judgment of the United States Navy-Marine Corps Court of Criminal Appeals (NMCCA). *United States v. Simpson*, No. NMCCA, 201800268, 2020 CCA LEXIS 67, at *2, 2020 WL 1173334, at *1 (N-M. Ct. Crim. App. Mar. 11, 2020) (unpublished).

## I. Background

A military judge, sitting as a general court-martial, found Appellant guilty, consistent with his pleas, of one specification of conspiring to create and distribute an indecent visual recording, one specification of aiding and abetting the creation of an indecent visual recording, one specification of aiding and abetting the distribution of an indecent visual recording, and three specifications of assault consummated by a battery, in violation of Articles 81, 120c, and 128, UCMJ, 10 U.S.C. §§ 881, 920c, 928 (2012). The convening authority approved the findings.[1]

The assigned issue concerns the specification of aiding and abetting the distribution of an indecent visual recording in violation of Article l20c(a)(3), UCMJ.[2] This specification alleged:

---

[1] The military judge sentenced Appellant to confinement for thirty-two months, a bad-conduct discharge, and reduction to E-1. With respect to the sentence, the convening authority approved the reduction to E-1, the bad-conduct discharge, and confinement for eighteen months with a suspension of the remaining amount of confinement for forty-four months. On appeal, the NMCCA consolidated two of the three specifications of assault consummated by a battery and set the beginning date of suspension of confinement as the date of sentencing instead of the date of the convening authority's action. *Simpson*, 2020 CCA LEXIS 67, at *46, 2020 WL 1173334, at *16. The NMCCA otherwise affirmed the findings and sentence. *Id.* at *48, 2020 WL 1173334, at *16.

[2] Article 120c(a), UCMJ, provides in relevant part:

> (a) Indecent viewing, visual recording, or broadcasting.—Any person subject to this chapter who, without legal justification or lawful authorization—
>
> . . . .
>
> (2) knowingly photographs, videotapes, films, or records by any means the private area of another person, without that other person's consent and under circumstances in which that other person has a reasonable expectation of privacy; or
>
> (3) knowingly broadcasts or distributes any such recording that the person knew or reasonably

On divers occasions between on or about 1 December 2016 and on or about 19 February 2017, at or near McAlester, OK, active duty U.S. Marine [Gunnery Sergeant (GySgt)] Gregory Simpson knowingly distributed a recording of the private area of Ms. ENF, when he knew or reasonably should have known that the recording was made and distributed without the consent of Ms. ENF and under circumstances in which she had a reasonable expectation of privacy.

As part of his plea agreement, Appellant entered into a stipulation of fact. In relevant part, this stipulation of fact stated:

(1) On divers occasions between on or about December 1, 2016 and February 19, 2017, GySgt Simpson knowingly and willfully counseled [MB] to photograph and video record the private areas of Ms. ENF, and to send them to him via email.

(2) GySgt Simpson counseled [MB] by repeatedly encouraging and requesting via email that [MB] take indecent photographs and videos of Ms. ENF. GySgt Simpson repeatedly encouraged and requested that [MB] send the photographs and videos to him via his yahoo email address.

(3) Following GySgt Simpson's counseling [MB] took photographs and videos of Ms. ENF's private area in various stages of undress, to include completely nude in the bathtub, and emailed them to GySgt Simpson. [MB] took the photographs and video without Ms. ENF's consent when Ms. ENF had a reasonable expectation of privacy. [MB] sent the photographs and videos to GySgt Simpson without Ms. ENF's consent.

(4) GySgt Simpson knew that [MB] took the photographs and videos of Ms. ENF's private area without Ms. ENF's consent when she had a reasonable expectation of privacy. GySgt Simpson knew that [MB] sent the photographs and videos of Ms. ENF to him without Ms. ENF's consent.

---

should have known was made under the circumstances proscribed in paragraphs (1) and (2);

is guilty of an offense under this section and shall be punished as a court-martial may direct.

(5) GySgt Simpson is guilty of distribution of indecent visual recordings of Ms. ENF even though he was not physically present with [MB] when she took the photographs and videos or when she sent the photographs and videos.

(6) GySgt Simpson knows that [MB] only took the photographs and videos of Ms. ENF for his sexual gratification. GySgt Simpson knows that [MB] would not otherwise have taken them if GySgt Simpson did not counsel [MB] to take the photographs. GySgt Simpson knows that [MB] would not otherwise have sent them if GySgt Simpson did not counsel [MB] to send the photographs and videos.

Before taking Appellant's plea of guilty, the military judge sought clarification of the Government's theory of how Appellant was guilty of distributing an indecent recording when it was actually MB, not Appellant, who had emailed the recording. The military judge asked: "Is that based on an aiding and abetting theory of liability?" Trial counsel responded, "Yes, sir, it's a princip[al] liability theory."

The military judge explained aider and abettor liability under Article 77(1), UCMJ, to Appellant. Appellant then pleaded guilty to the specification at issue. On appeal, however, Appellant contended that his guilty plea lacked a sufficient basis in law. *Simpson*, 2020 CCA LEXIS 67, at *7–8, 2020 WL 1173334, at *3. The NMCCA agreed with the military judge that Appellant was guilty as an aider and abettor under Article 77(1), UCMJ. *Id.* at *16–17, 2020 WL 1173334, at *6.

## II. Standard of Review

"Unless properly withdrawn or ordered stricken from the record, a stipulation of fact that has been accepted is binding on the court-martial and may not be contradicted by the parties thereto." Rule for Courts-Martial (R.C.M.) 811(e). In this appeal, we therefore accept all of the facts in the parties' stipulation as true.[3] *United States v. Nance*, 67 M.J. 362, 363

---

[3] The stipulation of facts in this case contains some legal conclusions, such as the statement that Appellant "is guilty of distribution of indecent visual recordings of Ms. ENF even though he was not physically present with [MB] when she took the photographs

(C.A.A.F. 2009). We must uphold Appellant's guilty plea unless there is a " 'substantial basis' in law and fact for questioning the guilty plea." *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991). We review Appellant's legal impossibility argument de novo because the argument concerns an issue of law. *See United States v. Willis*, 46 M.J. 258, 259 (C.A.A.F. 1997) (reviewing de novo the appellant's argument that there was no substantial basis in law for upholding his guilty plea to attempted murder because the charge in the case was legally impossible).

### III. Analysis of the Assigned Issue

Appellant advances three arguments for why he cannot be guilty of distributing an indecent recording in violation of Article 120c(a)(3), UCMJ. We reject the first two arguments. We express no opinion on the third argument because that argument is not within the scope of the granted issue.

### A. Argument Based on the Definition of "Distribute"

Appellant's first argument rests on the definition of "deliver" in Article 120c(d)(5), UCMJ. This definition states that the term "[d]istribute" means "delivering to the actual or constructive possession of *another*." Article 120c(d)(5), UCMJ (emphasis added). Appellant contends that under this definition, he could not have violated Article 120c(a)(3)'s prohibition on delivering an indecent recording because the recording at issue was delivered to him and not to "another" person.

The Government responds that the recording was delivered "to another" because MB delivered the recording to Appellant. And although Appellant did not actually deliver the recording, the Government argues that he is guilty of the offense as an aider and abettor. The Government further asserts that Appellant's liability as an aider and abettor does not fictitiously transmute him into being the actual distributor of the indecent recording, such that he somehow could be considered to have delivered the recording to himself.

---

and videos or when she sent the photographs and videos." We do not automatically accept legal conclusions in the stipulation of facts as true.

We agree with the Government's argument. The distribution element of Article 120c(a)(3), UCMJ, is satisfied in this case because MB delivered the recording to a person other than herself, namely, to Appellant. And even though MB effected the delivery, Appellant can be guilty of this offense as a principal if he aided and abetted MB. A principal under an aiding and abetting theory is independently guilty of an offense even though he or she is not the actual perpetrator and did not personally commit all of the acts necessary for the offense. *See United States v. Sneed*, 17 C.M.A. 451, 453, 38 C.M.R. 249, 251 (1968) (citing *United States v. Wooten*, 1 C.M.A. 358, 362 n.1, 3 C.M.R. 92, 96 n.1 (1952)).

Article 77(1), UCMJ, provides that "[a]ny person punishable under this chapter who—(1) commits an offense punishable by this chapter, or aids, abets, counsels, commands, or procures its commission . . . is a principal." In this case, there was a substantial basis in law and fact for accepting Appellant's plea that he was guilty as a principal under this rule. The stipulation of fact establishes that Appellant "counseled" and encouraged MB to distribute the recording and further states that MB would not have distributed the recording to Appellant without Appellant's counseling and encouragement.

## B. Argument Based on Congress's Intention

Appellant's second argument is that upholding his guilty plea would produce a result that Congress never intended. He asserts that the Government's theory could make a person who merely receives an indecent recording guilty of distributing the recording on the ground that he or she aided and abetted the delivery. Such criminal liability, Appellant contends, goes against Congress's decision in Article 120c(a)(3), UCMJ, to make only the distribution of an indecent recording an offense.

In response, the Government cites the reasoning of this Court in *United States v. Hill*, 25 M.J. 411 (C.M.A. 1988). In *Hill*, the Court asserted that *merely buying or possessing* drugs generally could not be considered aiding and abetting the distribution of drugs without running afoul of Congress's intent to make buying drugs a separate offense from distributing drugs. *Id.* at 413. The Court explained: "Otherwise,

prosecutors would be free to obliterate the distinction between possessors and distributors by charging any possessor with aiding and abetting the distribution of the drugs which he has received." *Id.* The Court in *Hill* nevertheless held that the buyer of drugs could be found guilty of aiding and abetting the distribution of drugs if the buyer "sufficiently associate[s] himself with the purpose of the seller so that he becomes an aider and abettor of the seller." *Id.* at 414. The Government argues that Appellant in this case sufficiently associated himself with the MB's purpose such that he can be found guilty of aiding and abetting the distribution of the indecent recording.

We agree that the mere receipt and possession of an indecent recording does not violate Article 120(c)(3), UCMJ, because Congress did not address receipt and possession in that provision. But following the reasoning in *Hill*, we also conclude a person who aids and abets the distribution of an indecent recording can be liable as an aider and abettor if he sufficiently associates himself with the purpose of the actual distributor. In this case, as described above, Appellant counseled and encouraged MB to distribute the recording, and MB would not have distributed the recording without Appellant's counseling and encouragement. In doing so, he not only associated himself with MB's purpose, but also shaped her purpose. Accordingly, we conclude that the military judge had a substantial basis in law and fact for accepting Appellant's guilty plea.

### C. Argument That MB Did Not Commit a Crime

Appellant finally argues that he could not be guilty of aiding and abetting MB because MB is a civilian who is not subject to the UCMJ and who did not violate any state law by distributing the recording. This argument rests on the wording of Article 77(1), UCMJ, which refers to the committing of an offense or the counseling of "its commission." Appellant asserts that he could not have counseled the commission of an offense by MB because MB's conduct was not criminal. The Government responds that we should not consider this argument because it falls outside the scope of the granted issue.

We agree with the Government. As stated above, the only question before us is "[w]hether it is legally impossible for Ap-

pellant to be convicted of distributing indecent images to himself under Article 77, UCMJ, when the plain language of Article 120c(a)(d)(5), UCMJ, requires the images be distributed to 'another.' " This issue does not encompass the question whether an accused can aid and abet someone who is not subject to the UCMJ or does not violate state law. While the NMCCA addressed and rejected Appellant's argument in its opinion, *see Simpson*, 2020 CCA LEXIS 67, at \*17—18, 2020 WL 1173334, at \*6, we did not grant review of the issue. *United States v. Guardado*, 77 M.J. 90, 95 n.1 (C.A.A.F. 2017) (declining to address an argument outside the scope of the issues for which review was granted).

## IV. Conclusion

The assigned issue is answered in the negative. The judgment of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

Chief Judge STUCKY, with whom Judge HARDY joins, concurring in part and dissenting in part.

I agree with the general proposition that it is not legally impossible for an accused to distribute indecent images to himself as an aider and abettor under Article 77, UCMJ, 10 U.S.C. § 877 (2012), when the accused has sufficiently associated himself with the purpose of the actual distributor. *United States v. Hill*, 25 M.J. 411, 414 (C.M.A. 1988). But this Appellant is not liable as an aider and abettor as there is no evidence that MB performed a criminal act.

The law of principals in the military is contained in Article 77, UCMJ, which provides:

> Any person punishable under this chapter who—
>
>> (1) commits an offense punishable by this chapter, or aids, abets, counsels, commands, or procures its commission; or
>>
>> (2) causes an act to be done which if directly performed by him would be punishable by this chapter;
>
> is a principal.

For an accused to be guilty as an aider and abettor, under the plain language of the first clause, someone must have committed a criminal offense. In Appellant's case, MB was not subject to the UCMJ and neither the Government nor the majority have alleged that she committed any crime. Therefore, Appellant could not have aided or abetted in the commission of the offense. Furthermore, to read Article 77(1) as covering Appellant's activities would render Article 77(2) superfluous, and that we cannot do. *See* 2A Norman J. Singer & Shambie Singer, *Statutes and Statutory Construction* § 46:6, at 238–56 (7th ed. 2014) ("Courts construe a statute to give effect to all its provisions, so that no part is inoperative or superfluous, void or insignificant, and so that one section does not destroy another, unless a provision is the result of obvious mistake or error." (footnotes omitted)); *see Corley v. United States*, 556 U.S. 303, 314 (2009).

The evidence would clearly support Appellant's conviction under the second clause. He caused an act to be done—caused

MB to send him the indecent images—that if he had performed would have been a criminal offense under the UCMJ, specifically Article 120c(a)(3). Thus, he would have been a principal and subject to conviction.

However, Appellant was prosecuted as an aider and abettor under the first clause and the military judge accepted his guilty plea on that theory. "The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts. . . . This fair notice resides at the heart of the plea inquiry." *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008). As it was legally impossible for Appellant to be convicted of distributing the images on an aider or abettor theory, there is a substantial basis in law and fact for questioning his guilty plea. Therefore, I would set aside his conviction for this offense.